O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW ARGYRIS, | ) | Case No. CV 09-02306 DDP (RZx) |
| | ) | |
| Plaintiff, | ) | **ORDER FINDING FEDERAL QUESTION** |
| | ) | **JURISDICTION** |
| v. | ) | |
| | ) | [Order to Show Cause issued on |
| UNITED PARCEL SERVICE, INC., | ) | April 21, 2009] |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

This matter comes before the Court on the Court's <u>sua sponte</u> Order to Show Cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction.  After reviewing the materials submitted by the parties and considering the arguments therein, the Court finds that Defendant has properly supported its assertion that Georgia is its principal place of business for purposes of diversity jurisdiction and therefore the Court has subject matter jurisdiction over the claims.

**I. BACKGROUND**

On April 2, 2009, Defendant United Parcel Service ("UPS") filed a Notice of Removal.  On April 20, 2009, the Court[1] ordered

———————————————

[1]At the time of the Order, this matter was before the
(continued...)

1  UPS to show cause why the case should not be remanded for lack of

2  subject matter jurisdiction.  Plaintiff Argyris took no action, and

3  UPS filed its response on May 11, 2009.

4  **II. LEGAL STANDARD**

5       Federal courts are courts of limited jurisdiction. "A federal

6  court has subject matter jurisdiction over an action that either

7  arises under federal law, or when there is complete diversity of

8  citizenship between the parties and the amount in controversy

9  exceeds $75,000." Tosco Corp. v. Cmtys for a Better Env't, 236 F.3d

10 495, 499 (9th Cir. 2001) (citing 28 U.S.C. §§ 1331, 1332). When

11 bringing a claim in federal court, the "plaintiff has the burden of

12 proving jurisdiction." Id. To establish federal jurisdiction, the

13 plaintiff

14       must show in his pleading affirmatively and distinctly, the
         existence of whatever is essential to federal jurisdiction,
15       and, if he does not do so, the court, on having the defect
         called to his attention or on discovering the same, must
16       dismiss the case, unless the defect be correct by amendment.

17 Id. (internal quotation marks omitted).

18       Here, UPS was ordered to show that its principal place of

19 business is Georgia such that diversity jurisdiction would exist

20 between Argyris, a California resident, and UPS, which is

21 undisputedly incorporated in Ohio. When there are questions as to a

22 corporation's principal place of business, the district court must

23 first determine whether a "substantial predominance" of the

24 corporation's activity can be attributed to a single state. See,

25 e.g., Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090 (9th

26

27       [1](...continued)
   Honorable Philip S. Gutierrez.  On April 21, 2009, this matter was
28 transferred to the Honorable Dean D. Pregerson because it is
   related to Marlo v. UPS, Case No. CV 03-4336.

1    Cir. 1990). If not, the corporation's place of business is where
2    the majority of the corporation's executive and administration
3    functions are performed. Id. Relevant factors include location of
4    employees, tangible property, production activities, sources of
5    income, and where sales take place. Tosco Corp. v. Communities for
6    a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).

7    **III. DISCUSSION**

8         Major nationwide corporations are usually not found to have a
9    state in which a "substantial predominance" of their business
10   activities take place. See, e.g., Ho v. Ikon Office Solutions Inc.,
11   143 F.Supp.2d 1163 (N.D. Cal. 2001). UPS maintains less than ten
12   percent of its workforce and facilities in California. (Swift
13   Declaration ¶ 8-9). Although California does have the highest level
14   of UPS activity, other states fall within four percent of
15   California's numbers and California has a larger population than
16   most other states. (Id.; Response to OSC 3:25-4:6 (quoting Ho, 143
17   F.Supp.2d. at 1167-68)). Because UPS provides similar service in
18   all fifty states and internationally, a "substantial predominance"
19   of its business activity does not take place in any single state.
20   (Swift Declaration ¶ 4).

21        When no single state encompasses a "substantial predominance"
22   of an organization's business activity, an organization's principal
23   place of business is the state in which its "nerve center" is
24   located. (Response to OSC 4:7-10 (quoting Ho, 143 F.Supp.2d. at
25   1167-68)). UPS's executive and administrative functions are all
26   located in Atlanta, Georgia, from corporate headquarters (which
27   oversees all of UPS's major departments) to the members of UPS's
28   Management Committee. (Swift Declaration ¶ 3, 5-6). UPS also files

3

1   its federal taxes in Georgia and is publicly known as maintaining

2   headquarters in Georgia. (Id. ¶ 7). Therefore, UPS's principal

3   place of business for purposes of diversity jurisdiction is

4   Georgia, and there is diversity between Plaintiff and Defendant.

5   **IV. CONCLUSION**

6       Defendant has demonstrated that its principal place of

7   business is Georgia. The Court is satisfied that subject matter

8   jurisdiction is proper and maintains jurisdiction in this case.

9

10  IT IS SO ORDERED.

11

12

13  Dated: June 11, 2009

14                                      DEAN D. PREGERSON
                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28